IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02238-PAB-KLM

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ADAMS,

     Plaintiff,

v.

LELAND ASAY,
SAMUEL VIDAL GOMEZ,
JERRY LEE RHEA,
DENNIS GLENN COEN,
HEATH ALLEN RUSSO,
LOUIE GEORGE SCHIMPF, and
QUALITY PAVING CO., a Colorado corporation,

     Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Jerry Rhea's ("Rhea") **Motion to Stay Civil Proceedings Pending Resolution of Criminal Charges** [Docket No. 23; Filed October 11, 2011] (the "Motion to Stay") and Defendant Leland Asay's ("Asay") **Joinder in Defendant Jerry Rhea's Motion to Stay Civil Proceedings Pending Resolution of Criminal Charges and Defendant Samuel Vidal Gomez's Motion to Suspend the Proceedings and Memorandum Regarding Same** [Docket No. 27; Filed October 24, 2011] (the "Motion to Join"), filed as a motion.

In support of his obligation pursuant to D.C.COLO.L.CivR 7.1A., Defendant Rhea states that Plaintiff opposes the relief requested in the Motion to Stay. *See Motion to Stay*

-1-

[#23] at 2.  On October 24, 2011, Defendant Asay  filed a Motion to Join [#27] with Defendant Rhea's Motion to Stay [#23] and with Defendant Samuel Gomez's ("Gomez") Motion to Suspend the Proceedings [#25] (the "Motion to Suspend").  On October 25, 2011, the Court denied Defendant Gomez's Motion to Suspend [#25] for failure to comply with D.C.COLO.LCivR 7.1A.[1]  Accordingly, the Court grants, in part, Defendant Asay's Motion to Join [#27], to the extent that he seeks to join Defendant Rhea's Motion to Stay [#23], and denies, in part, the Motion to Join [#27], to the extent that he seeks to join Defendant Gomez's Motion to Suspend [#25].

On October 25, 2011, Plaintiff filed a Response [#31] to Defendant Rhea's Motion to Stay [#23].  Therein, Plaintiff states that it does not, in fact, fully oppose the Motion to Stay but, rather, would support if it certain conditions, discussed below, are imposed as part of the stay.  *See Plaintiff's Response* [#31] at 2.  Plaintiff also represents that Defendants Gomez, Dennis Glenn Coen ("Coen"), Heath Allen Russo ("Russo"),[2] and Quality Paving Co. do not oppose a stay with the conditions proposed by Plaintiff.  *See id.* at 1.  Plaintiff further states that Defendant Asay also agrees to a stay with the conditions proposed by Plaintiff, although he reserves objection to the proposed length of the stay. *See id.* at 1-2.  In addition, Plaintiff states that Defendant Louie George Schimpf ("Schimpf") opposes a stay.  *See id.* at 2.  However, Defendant Schimpf failed to file a response stating the grounds for his opposition.

---

[1] Although the Court denied Defendant Gomez's Motion to Suspend [#25] without prejudice, *see Minute Order* [#29], Defendant Gomez has not re-filed the motion.

[2] On November 4, 2011, Defendant Russo also filed a separate Response [#44] reiterating that he has no objection to a stay.

With the exception of Defendant Schimpf, as noted above, the parties agree to a stay of all scheduling and discovery in this case until after March 19, 2012. *See Plaintiff's Response* [#31] at 1-2. This period would allow for the expected completion of related and parallel criminal proceedings against three Defendants in this case, Coen, Rhea, and Gomez. *See id.* at 2.

In the interest of justice, the Court may, at its discretion, stay a civil action until completion of parallel criminal proceedings. *See AIG Life Ins. Co. v. Phillips*, No. 07-cv-00500-PSF-MEH, 2007 WL 2116383, at *2 (D. Colo. July 20, 2007) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)) (additional citations omitted). In determining whether a stay is warranted in a particular case, the Court must generally balance the plaintiff's interests "in moving forward with the litigation against the interests of a defendant asserting Fifth Amendment rights who faces the choice of being prejudiced in the civil litigation if those rights are asserted or prejudiced in the criminal litigation if those rights are waived." *See AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS-Related Secs. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003)).

When exercising its discretion, the Court considers the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*See AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS*, 256 F. Supp. 2d at 1236-37). Further, the Court may consider alternatives to a general stay, including "the imposition of protective orders, sealed interrogatories, a stay for a finite period of time, or

a stay limited to a specific subject matter." *See AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS*, 256 F. Supp. 2d at 1236).

Here, the parties generally agree to a stay for a finite period of time, through March 19, 2012, by which time the criminal proceedings against Defendants Coen, Rhea, and Gomez are expected to be complete.

With respect to the first factor, the parties agree that there is substantial overlap between the criminal and civil proceedings with regard to Defendants Coen, Rhea, and Gomez.  Accordingly, this factor weighs in favor of a stay.

With respect to the second factor, the Court inquires whether the criminal cases are in the pre- or post-indictment stages.  *See AIG Life Ins. Co.*, 2007 WL 2116383, at *2.  "A stay is more likely warranted if an indictment has already been issued because (1) 'the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued,' and (2) 'the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.'"  *Id.* (quoting *M.D. Diet Weight Loss & Nutrition Clinic, L.C. v. Absolute Weight Loss & Nutrition Ctr., LLC*, No. 2:05-CV-605 TS, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006)).  Here, the criminal cases against Defendants Coen, Rhea, and Gomez are in the post-indictment stages; trials have already been set for each.  Thus, this factor weighs in favor of a stay.

With respect to the third factor, although Plaintiff has a general interest in the expeditious resolution of its case, Plaintiff has agreed to a finite stay through March 19, 2012.  Thus, this factor does not weigh against imposition of a stay.

With respect to the fourth factor, Defendants Coen, Rhea, and Gomez have an

interest in avoiding the conflict between waiving their Fifth Amendment rights and, in essence, compromising their defense in this civil matter.  As the parties again agree on this point, the Court finds that this factor weighs in favor of a stay.

With respect to the fifth factor, "[t]he Court has a strong interest in keeping litigation moving to conclusion without necessary delay." *In re CFS*, 256 F. Supp. 2d at 1241.  On the other side of the scale, resolution of the parallel criminal proceedings could increase the possibility of settlement in this case, at least as to Defendants Coen, Rhea, and Gomez. *See AIG Life Ins. Co.*, 2007 WL 2116383, at *4.  Further, the scope of discovery in this civil matter may be reduced if evidence gathered for purposes of the criminal prosecution may later be used in the civil case.  *See id.* (citing *Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995)).  Thus, the Court finds that this factor weighs neither in favor of nor against a stay.

With regard to the sixth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Thus, the Court finds that this factor is neutral in light of those goals.

Weighing the relevant factors, the Court concludes that a finite stay through March 19, 2012, is appropriate.[3]  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#23] is **GRANTED** to the extent outlined above.  Scheduling and discovery in this matter are hereby **STAYED** through **March 19, 2012**.

---

[3] An extension of the stay may be requested by the parties if it appears that any parallel and related criminal proceedings may continue past March 19, 2012.

IT IS FURTHER **ORDERED**, as outlined above, that the Motion to Join [#27] is **DENIED in part** and **GRANTED in part**.

IT IS FURTHER **ORDERED**, *sua sponte*, that the Scheduling Conference set for December 14, 2011 at 11:00 a.m. is **VACATED** and **RESET** to **April 19, 2012 at 11:00 a.m.** in Courtroom C-204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the parties shall submit their proposed scheduling order pursuant to the District of Colorado Electronic Case Filing ("ECF") Procedures. The parties shall submit the proposed scheduling order no later than **April 14, 2012**.

DATED: November 29, 2011 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge