IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No.  11-cv-02238-PAB-KLM

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ADAMS,

      Plaintiff,

v.

LELAND ASAY, et al.,

      Defendants.

---

## ORDER

---

      This matter is before the Court on the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 52] filed by defendant Leland Asay and the motion to join defendant Asay's motion to dismiss [Docket No. 79] filed by defendant Jerry Lee Rhea. The motions are ripe for disposition.

      When resolving a motion to dismiss pursuant to Rule 12(b)(6), "[t]he court's function . . . is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted).  In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted).  At the same time, however, a court need not accept conclusory allegations.  *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d

1227, 1232 (10th Cir. 2002).

Asay was the Director of Public Works for Adams County at all relevant times. Plaintiff's complaint alleges that Asay and others within the Public Works Department conspired with individuals, including Rhea, who was working for Quality Paving Company and Quality Resurfacing Company (collectively, "Quality Paving"), to defraud plaintiff in relation to road construction and resurfacing projects.  Plaintiff alleges that defendants "developed and executed an extensive scheme of misbilling, overbilling, and fabricating completed work, daily run sheets, daily logs, invoices, contracts, and contract change orders submitted by the Quality companies for County road paving and resurfacing contracts which were then knowingly approved for payment by the corrupt co-conspirators within the Public Works department."  Docket No. 1 at 5, ¶ 1.  Plaintiff identifies 52 acts that it alleges constitute fraudulent misbilling, overbilling, and fabrication amounting to $9,000,000 in losses to plaintiff.  *See* Docket No. 1 at 19-38 ¶¶ 43 - 68, 67-68 ¶ 123.

Defendants Asay and Rhea (collectively, "defendants") request that the Court dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to comply with the applicable statutes of limitations, arguing that plaintiff was aware of allegations of kickbacks and no-bid contracts as early as the spring of 2008.  Plaintiff responds that its claims are not based on these earlier allegations of misconduct, but rather on the 52 acts identified in the complaint about which it contends it did not learn until the summer of 2010.

Plaintiff brings numerous claims against defendants, alleging that they violated the Racketeer Influenced Corrupt Organizations Act ("RICO"), *see* 18 U.S.C. § 1962(c),

and the Colorado Organized Crime Control Act ("COCCA"), *see* Colo. Rev. Stat. § 18-17-104(3), and that they conspired in violation of both RICO, *see* 18 U.S.C. § 1962(d), and COCCA, *see* Colo. Rev. Stat. § 18-17-104(4).  Plaintiff also asserts claims of actual fraud, aiding and abetting fraud, fraudulent concealment, breach of contract, and civil conspiracy against the defendants.  In addition, plaintiff asserts claims of constructive fraud and breach of fiduciary duty against Asay, and a claim for aiding and abetting a breach of fiduciary duty against Rhea.  The parties agree that, in regard to these causes of action, the shortest applicable statute of limitations is two years.

A statute of limitations argument constitutes an affirmative defense.  However, "Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." *Bullington v. United Air Lines Co.*, 186 F.3d 1301, 1310 n.3 (10th Cir. 1999) (citation omitted), *implicitly overruled on other grounds as recognized by Boyer v. Cordant Technologies*, 316 F.3d 1137, 1140 (10th Cir. 2003).  "[W]hen the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); *see Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005) ("At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.") (internal quotation marks and citations omitted).

In arguing that plaintiff's claims should be dismissed as untimely, defendants rely

exclusively on plaintiff's allegations that it was aware as early as the spring of 2008 of kickbacks received by Asay and no-bid contracts entered into by defendants in relation to paving projects.  Plaintiff, however, disavows any desire to support its claims with this conduct.

While plaintiff may not be seeking relief based upon this particular conduct, that does not ineluctably mean that such conduct is irrelevant to determining when plaintiff knew or should have known of its alleged injuries, which were occurring during the same time period as the alleged kickbacks and no-bid contracts.[1]  With that said, defendants' reading of the complaint is wholly limited to the kickback and no-bid contract issues.  They fail to address or acknowledge the manner in which plaintiff actually pled its claims.  While it is not clear whether, upon completion of discovery, plaintiff's claims will survive a challenge regarding all of the applicable statutes of limitations, the complaint clearly focuses on acts other than those upon which defendants' assertion of the affirmative defense is based.  The Court further notes that defendants did not file replies to plaintiff's response briefs and, therefore, have not refuted plaintiff's characterization of its own claims.  In light of the foregoing, defendants have not demonstrated that, from a review of the complaint, it is "clear that the right[s]

---

[1]While the Supreme Court "has not settled upon a definitive rule for when the limitations clock starts running, it has announced two possibilities: either when the plaintiff knew or should have known of his injury (the injury-discovery rule); or when the plaintiff was injured, whether he was aware of the injury or not (the injury-occurrence rule)"  *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1234 (10th Cir. 2006).  However, "[i]n either case the plaintiff need not be aware of the pattern of racketeering activity." *Dummar v. Lummis*, 543 F.3d 614, 621 (10th Cir. 2008) (citing *Rotella v. Wood*, 528 U.S. 549, 555 (2000), for the proposition that, "even if a discovery accrual rule applies, 'discovery of the injury, not discovery of the other elements of a claim, is what starts the clock'").

sued upon ha[ve] been extinguished." *Aldrich*, 627 F.2d at 1041 n.4.  Consequently, it

is

      **ORDERED** that the motions to dismiss [Docket Nos. 52, 79] filed by defendants

Leland Asay and Jerry Lee Rhea are DENIED.

      DATED August 30, 2012.

                    BY THE COURT:


                    s/Philip A. Brimmer
                  PHILIP A. BRIMMER
                  United States District Judge