IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-002238-PAB-KLM

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ADAMS,

        Plaintiff,

v.

LELAND ASAY,
SAMUEL VIDAL GOMEZ,
JERRY LEE RHEA,
DENNIS GLENN COEN, and
QUALITY PAVING CO., a Colorado corporation

        Defendants.

---

### [PROPOSED] ORDER REGARDING REVISED PROTOCOL ON PRODUCTION OF HARD COPY DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

---

The Court, upon consideration of the Plaintiff's Unopposed Motion for an Order re: Revised Protocol on the Production of Hard Copy Documents and Electronically Stored Information Discovery Protocol, ORDERS:

1.    When responding to a request for production, a party will collect ESI, or have it collected by a third-party vendor, in a forensically sound manner. The purpose of forensically sound collection is to ensure that all metadata is appropriately preserved so that it may be produced consistent with the parties' other agreements regarding the production of documents in TIFF or native formats. The party responding to a request for production shall pay the costs of collection and production.

808352

2. Prior to responding to requests for production, the requesting and responding parties will confer and discuss: (a) the sources of ESI that will be searched in response to the specific requests for production; (b) potential methodologies and/or technologies that can be implemented to cull and reduce the number of documents that will be produced in response to the specific requests for production; and (c) strategies to limit the burden and cost of the specific production sought.

3. When ESI is converted to TIFF format, each TIFF image will be assigned a "production" or "Bates" number in accordance with Appendix A. Data load files for the receiving party's document database (*e.g.*, Summation or Relativity) will be provided simultaneously with each set of TIFF images in accordance with the protocol set forth in Appendix B. To the extent that ESI was processed or Bates numbers were assigned prior to this Agreement, it is not necessary to re-process or re-Bates number documents to conform to Appendices A and B.

4. A party may request that certain ESI previously produced in TIFF or hard copy format be re-produced in native format. Upon receiving such a request, the producing party will re-produce the requested documents in native format unless the producing party can demonstrate good cause for why such re-production should not be made. The parties envision that reasonable requests for native production of specific documents identified by Bates number (as opposed to wholesale reproduction of a large volume of ESI) will be granted without objection.

5. Each document produced in native format will be assigned a "production" or "Bates" number in accordance with Appendix A. For ESI produced in native format,

the relevant system metadata will be collected and provided in accordance with Appendix C.

6. A party may elect to produce hard copy documents in hard copy or to have them scanned and produce them electronically in TIFF format. When documents are produced in TIFF format, the parties agree to the following:

a. Documents will be OCR scanned as single page TIFF images using a print setting of at least 300 DPI;

b. Images will maintain original document orientation (*i.e.*, portrait to portrait, landscape to landscape);

c. The parties will use their best efforts to scan documents with appropriate document "breaks." For example, separate documents should not be merged into a single record, and single documents should not be split into multiple records;

d. Each image will be assigned a "production" or "Bates" number and will be labeled in accordance with Appendix A, with the exception that documents that were assigned Bates labels prior to this Agreement do not need to be given new Bates labels;

e. Data load files will be provided simultaneously with the TIFF image in accordance with the protocol set forth in Appendix D, with the exception that the producing party need not comply with Appendix D to the extent its requirements would necessitate manual coding of the document(s); and

f. To the extent hard copy documents were scanned prior to this Agreement, the documents may be produced in their existing format.

808352

7. The one exception to this protocol shall be that Quality Paving has agreed to provide to the County, at Quality Paving's expense, the ESI stored on its computers through the method of a "drag and drop" of all Windows-created documents with a PST email backup while maintaining directory structure whenever possible. The County reserves the right in the future to have ESI collected from Quality Paving's computers by a third-party vendor in a forensically sound manner, and Quality Paving agrees that it shall makes its computers freely available to conduct such a search. The County further agrees that it ~~would~~ will have to pay for such third-party collection (if it occurs) and that it ~~would~~ will allow Quality Paving to review any ESI extracted for attorney-client privilege before production to the County.

DATED this 10th day of September, 2012.

BY THE COURT:

_[signature]_
United States Magistrate Judge

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

808352