IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02238-PAB-KLM

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ADAMS,

    Plaintiff,

v.

LELAND ASAY,
SAMUEL VIDAL GOMEZ,
JERRY LEE RHEA,
DENNIS GLENN COEN, and
QUALITY PAVING CO., a Colorado corporation,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Jerry Rhea's ("Rhea") **Motion for Stay and for Protective Order** [Docket No. 111; Filed October 24, 2012] (the "Motion"). On November 19, 2012, Plaintiff filed a Response [#115]. On November 30, 2012, Defendant Rhea filed a Reply [#117]. On December 3, 2012, the parties presented oral argument on the Motion. *See Minute Entry* [#118]. The Motion is thus ripe for resolution.

Defendant Rhea seeks a stay of this matter until completion of parallel criminal proceedings against him. *Motion* [#111] at 2. The Court previously imposed a stay in this matter on November 28, 2011, based on pending separate criminal proceedings against Defendants Gomez, Rhea, and Coen. *Order* [#58]. That stay

was lifted on June 22, 2012. *Minute Order* [#76] at 1. On October 24, 2012, Defendant Rhea sought imposition of another stay pending resolution of the appeal of his criminal trial. *Motion* [#111]. Plaintiff objects to any further stay in this matter. *Id.* at 1. Defendant Quality Paving Co. objects if a stay is applied only to Defendant Rhea but does not object if a stay is applied to the entire civil action. *Id.* at 1-2. Defendant Leland Asay does not object to the Motion. *Id.* at 2. Defendants Gomez and Coen are presently incarcerated and have not expressed a preference regarding a stay. *Id.*

In the interest of justice, the Court may, at its discretion, stay a civil action until completion of parallel criminal proceedings. *See AIG Life Ins. Co. v. Phillips*, No. 07-cv-00500-PSF-MEH, 2007 WL 2116383, at *2 (D. Colo. July 20, 2007) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)) (additional citations omitted). However, there is no constitutional right requiring a stay of civil proceedings pending the outcome of criminal proceedings, "absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1081 (2009).

In determining whether a stay is warranted in a particular case, the Court must generally balance the plaintiff's interests "in moving forward with the litigation against the interests of a defendant asserting Fifth Amendment rights who faces the choice of being prejudiced in the civil litigation if those rights are asserted or prejudiced in the criminal litigation if those rights are waived." *See AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS-Related Secs. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003)).

> When exercising its discretion, the Court considers the following factors:
>
> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*See AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS*, 256 F. Supp. 2d at 1236-37).  Further, the Court may consider alternatives to a general stay, including "the imposition of protective orders, sealed interrogatories, a stay for a finite period of time, or a stay limited to a specific subject matter." *See AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS*, 256 F. Supp. 2d at 1236).

With respect to the first factor, the parties had previously agreed that there was substantial overlap between the criminal and civil proceedings with regard to Defendant Rhea. *See Order* [#58] at 4.  Defendant Rhea continues to assert this same overlap. *Motion* [#111] at 6-7.  Plaintiff, however, argues that because Defendant Rhea's criminal case is now in the appeal phase, there is not sufficient overlap. *Response* [#115] at 9.  Plaintiff misreads the purpose behind this factor, however.  The factor does not focus on the timing of each proceeding, which is addressed more appropriately as part of the second factor.  Rather, the first factor focuses solely on the evidence and issues of each case. *See Creative Consumer Concepts*, 563 F.3d at 1081.  Plaintiff has presented no argument that the evidence and issues underlying these cases has changed since November 2011 when it had previously agreed to a stay based, in part, on the overlap between the criminal and civil proceedings.  Accordingly, the Court finds that this factor weighs in favor of a

stay.

With respect to the second factor, the Court generally inquires whether the criminal cases are in the pre- or post-indictment stages. *See AIG Life Ins. Co.*, 2007 WL 2116383, at *2. "A stay is more likely warranted if an indictment has already been issued because (1) 'the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued,' and (2) 'the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.'" *Id.* (quoting *M.D. Diet Weight Loss & Nutrition Clinic, L.C. v. Absolute Weight Loss & Nutrition Ctr., LLC*, No. 2:05-CV-605 TS, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006)). Here, the criminal case against Defendant Rhea is in the post-indictment stage. However, a criminal trial has already been held and Defendant Rhea is now appealing his convictions.

Courts in the Tenth Circuit have not yet addressed the issue of whether to grant a request for a stay by a civil defendant also appealing a criminal sentence in parallel proceedings. However, the only cases directly on point cited by the parties have found that a stay should not be imposed based on a pending criminal appeal. *See Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1214 (8th Cir. 1973); *In re Terrorist Attacks on Sept. 11, 2011*, No. 03 MDL 1570, 2011 WL 5913526, at *4-5 (S.D.N.Y. Nov. 22, 2011); *Sparkman v. Thompson*, No. 08-01-KKC, 2009 WL 1941907, at *2 (E.D. Ky. July 6, 2009); *United States v. Ianniello*, No. 86 Civ. 1552-CSH, 1986 WL 7006, at *4 (S.D.N.Y. June 17, 1986). The Court has found no cases holding the opposite. *See also In re Terrorist Attacks*, 2011 WL 5913526, at *5

(stating that the defendant did not cite any cases and the court could not find any "in which a stay of civil discovery was granted after the related criminal trial had concluded, based on the mere possibility that a successful appeal might lead to a new trial"). Rather, a stay on civil discovery in parallel proceedings is disfavored after a defendant has been tried, convicted and sentenced. *Id.* (quoting *Sparkman*, 2009 WL 1941907, at *2). The Court agrees with this assessment, and, based on these considerations, the Court finds that the second factor weighs against imposition of a stay.

With respect to the third factor, Plaintiff has a general interest in the expeditious resolution of its case. *See also Order* [#58] at 4. In addition, imposition of a stay as to only Defendant Rhea could substantially increase litigation costs, in that it is likely a stay would not be lifted until well after discovery closed and, in all probability, until after trial, should this case proceed to that. *See Response* [#115] at 11. Further, the indefinite length of the stay leaves Plaintiff's final resolution of this matter a long-term uncertainty. *Compare id.* at 10 (suggesting that a stay would potentially remain in place until early 2016) *with Reply* [#117] at 2 (suggesting that a stay could be as short as lasting until mid-2013). Finally, as Plaintiff points out, if a stay lasts until early 2016, the risk that "witnesses will become unavailable, memories of conversations will fade, and documents will be lost and destroyed" is greatly increased, especially as the events underlying this litigation occurred between 2005 and 2007. *Response* [#115] at 10-11 (quoting *SEC v. Brown*, No. 06-1213, 2007 WL 4192000, at *2 (D. Minn. July 16, 2007)). Thus, the Court finds that this factor weighs

against imposition of a stay.

With respect to the fourth factor, Defendant Rhea generally has an interest in avoiding the conflict between waiving his Fifth Amendment rights and, in essence, compromising his defense in this civil matter. *See Order* [#58] at 4-5. However, part of the reason that a stay on civil discovery in parallel criminal proceedings is disfavored after a defendant has been tried, convicted and sentenced is because the defendant:

> has already challenged the government's case in trial, he knows exactly how the government intends to prove his guilt and he is exceedingly able to avoid making incriminating statements that might be used against him if retried. Also, absent a waiver of his Fifth Amendment privilege, he has only a minimal concern that civil discovery will aid the criminal prosecution because the government has already assembled all the evidence needed for a conviction.

*In re Terrorist Attacks*, 2011 WL 5913526, at *5 (quoting *Sparkman*, 2009 WL 1941907, at *2).

Defendant Rhea stresses the potential for an adverse inference in this civil matter to be made against him based on exercise of his Fifth Amendment privilege. *See, e.g.*, *Baxter v. Palmigiano*, 425 U.S. 308, 317-18 (1976) (stating that the Fifth Amendment does not bar adverse inference when a party claims the privilege in a civil action). In short, Defendant Rhea argues that invocation of his Fifth Amendment right to protect himself in his criminal case, should his appeal be granted and remanded for retrial, will severely damage his defense in the instant civil case and the prosecution of his cross-claims. However, the detriment suggested by Defendant Rhea from any negative inference is purely speculative at this point. *See In re CFS*,

256 F. Supp. 2d at 1241 (finding in part that imposition of a stay was not warranted based on the speculative nature of any potential negative inference). Further, the trial judge will be in a position to fairly "determine the extent of any negative inference based upon the events that have transpired prior to that time." *Id.* (citation omitted). The Court therefore finds that this factor is neutral and weighs neither in favor of nor against imposition of a stay.

With respect to the fifth factor, "[t]he Court has a strong interest in keeping litigation moving to conclusion without necessary delay." *In re CFS*, 256 F. Supp. 2d at 1241. On the other side of the scale, final resolution of the parallel criminal proceedings could increase the possibility of settlement in this case, at least as to Defendants Rhea. *See AIG Life Ins. Co.*, 2007 WL 2116383, at *4. Thus, the Court finds that this factor weighs neither in favor of nor against a stay.

With regard to the sixth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Thus, the Court finds that this factor is neutral in light of those goals.

The strong presumption against stays in this district, as well as application of the factors examined above, results in the conclusion that the imposition of a stay of discovery is not justified in this matter, either for the entire case or for Defendant Rhea alone, because the prejudice to Plaintiff outweighs the harm to Defendant Rhea and other Defendants.

Defendant Rhea also seeks a protective order against all pending discovery tendered to Defendant Rhea. *See Motion* [#111] at 3. As acknowledged by Defendant

Rhea, his request for a protective order is inextricably entwined with his request for a stay. *See Reply* [#117] at 5. For essentially the same reasons as outlined above, the Court finds that entering a blanket protective order is not justified at this stage of the case. However, the Court notes that a variety of procedures exist to lessen any detriment to Defendant Rhea by having to defend himself in this civil matter. These include, for example, "sealing answers to interrogatories, sealing answers to depositions, imposing protective orders . . . , or limiting disclosure only to counsel." *In re CFS*, 256 F. Supp. 2d at 1240. Where circumstances warrant, Defendant Rhea may seek permission from the Court to utilize these or other procedures in connection with specific discovery sought by Plaintiff. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#111] is **DENIED**.

DATED: December 10, 2012 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge